UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIGNORAH HOPKINS,

        Plaintiff,

v.                                                             Case No:   6:23-cv-2257-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

## ORDER

This cause comes before the Court on a Motion for Attorney's Fees Under 42 U.S.C. § 406(b). Doc. No. 42. The Commissioner has filed a response. Doc. No. 43. Upon review, and for the reasons that follow, the motion (Doc. No. 42) is **GRANTED**.

**I.    BACKGROUND.**

Prior to filing the above-styled case, on November 17, 2023, Dignorah Hopkins ("Claimant") entered into a contingency fee agreement with Bradley K. Boyd, Esq., for the purpose of appealing the Commissioner of Social Security's ("the Commissioner") denial of Claimant's request for social security disability benefits. *See* Doc. No. 45-1; *see also* Doc. No. 44. In the event that the Court remanded the

case to the Commissioner for further proceedings and the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Boyd a fee of twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded.   Doc. No. 45-1.

On November 21, 2023, Claimant filed a complaint against the Commissioner, alleging that the Commissioner improperly denied her request for disability benefits.   Doc. No. 1.   On May 3, 2024, on the Commissioner's unopposed motion, the Court [1] reversed and remanded the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. Nos. 24, 25.   Judgment was entered accordingly on May 6, 2024.   Doc. No. 26.

Following remand, Claimant timely moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).   Doc. No. 34; *see also* Doc. No. 33.   According to that motion, Claimant's counsel spent a total of 22.73 hours working on this case before this Court.   Doc. No. 34.   The Court granted the motion in relevant part and awarded Claimant a total of $5,674.10 in attorney's fees pursuant to the EAJA.   Doc. No. 35.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge in this case.   Doc. No. 1.

On remand, the Commissioner found that Claimant was disabled for a closed period and awarded her a total of $92,462.00 in past-due benefits. Doc. No. 42, at 2; Doc. No. 42-1, at 2; Doc. No. 43, at 2 n.1.[2] Based thereon, Attorney Boyd timely filed a motion seeking authorization to collect a total of $17,441.40 in attorney's fees from Claimant, which is twenty-five percent (25%) of the past-due benefits awarded ($23,115.50), minus the EAJA fees previously awarded ($5,674.10). Doc. No. 42, at 3. Attorney Boyd states that he will not seek to recover any fees under 42 U.S.C. § 406(a) for work performed at the administrative level. *Id.* at 2.[3]

Claimant does not oppose Attorney Boyd's request for fees, and has joined in the present motion. Doc. No. 42, at 4, 10. The Commissioner neither supports nor opposes. Doc. No. 43. The matter is ripe for review.

---

[2] The award letter does not set forth the total amount of past due benefits, but states that 25% of the past due benefits awarded—$23,115.00—was withheld for payment of attorney's fees. Doc. No. 42-1, at 2. Thus, the total amount of past due benefits would equate to $92,462.00, and the Commissioner confirms that this is the correct amount in response. *See* Doc. No. 43, at 2 n.1. The Court also notes that the award letter states that Plaintiff would receive a check for $69,346.50. Doc. No. 42-1, at 2.

[3] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the 25% limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b). In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the 25% limit on the amount of fees that could be awarded from past-due benefits. *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970). Nonetheless, the Court notes Attorney Boyd's statement that he will forego any fees under § 406(a). Doc. No. 42, at 2.

## II.     APPLICABLE LAW.

Attorney Boyd seeks attorney's fees pursuant to 42 U.S.C. § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).  The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id*. § 406(b)(2).   Therefore, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."   *Id*. at 1277.   Accordingly, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover attorney's fees for the work performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits.   *Id*.

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b)—both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The reasonableness of an attorney fee under § 406(b) depends on whether the claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely on the existence of a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 807–08. Rather, a court must review the contingency fee agreement as an independent check to ensure that it yields a reasonable result in each particular case. *Id.* In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4)

whether the attorney was responsible for delaying the proceedings. *See id*. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent and billing rate do not control a court's determination of overall reasonableness). The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

## III. ANALYSIS.

Attorney Boyd represented Claimant before this Court and, through his advocacy, achieved a reversal and remand of the Commissioner's final decision. *See* Doc. Nos. 19, 24–26. Ultimately, the Commissioner found that Claimant was disabled and awarded her a total of $92,462.00 in past-due benefits for a closed period of disability. Doc. No. 42-1, at 2. Attorney Boyd is therefore entitled to an award of attorney's fees under § 406(b). *See Bergen*, 454 F.3d at 1271.

Attorney Boyd is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded to Claimant, *i.e.*, $23,115.50. *See* 42 U.S.C. § 406(b)(1)(A); Doc. No. 42-1, at 2; Doc. No. 45-1. Attorney Boyd has elected to effectuate the requisite refund of the EAJA award, *i.e.*, $5,674.10, by reducing his request for attorney's fees under § 406(b) by the amount previously awarded under

the EAJA. *See Jackson*, 601 F.3d at 1271. So, Attorney Boyd seeks a total of $17,441.40 in fees under § 406(b). *Id.*

The Court finds that the amount Attorney Boyd requests in § 406(b) fees is reasonable. First, Claimant entered into a contingency fee agreement, in which she agreed to pay Attorney Boyd a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded. *See* Doc. No. 45-1. This agreement militates in favor of finding that the requested amount is reasonable. *See Wells*, 907 F.2d at 371. Second, Attorney Boyd spent a total of approximately 22.73 hours litigating Claimant's case before this Court. *See* Doc. No. 34. As a result of Attorney Boyd's advocacy, Claimant was successful on her claims and became entitled to past-due benefits. *See* Doc. No. 42-1. Third, there is no evidence that Attorney Boyd caused any delays in this case. Finally, Attorney Boyd undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits. In light of the foregoing, the Court finds that Attorney Boyd's request for $17,441.40 (representing twenty-five percent (25%) of the past-due benefits awarded ($23,115.50), minus the EAJA fees previously awarded ($5,674.10)), in attorney's fees under § 406(b) reasonable under the circumstances of this case.

## IV. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1.  The Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 42) is **GRANTED**.

2.  Attorney Boyd is authorized to charge and collect from Claimant a total of $17,441.40 under § 406(b).

**DONE** and **ORDERED** in Orlando, Florida on December 19, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record